UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGEL ARTU,

     Petitioner,

vs.           Case No.  5:10-cv-11-Oc-29DNF

SECRETARY, Florida Department
of Corrections,

     Respondent.

_____

## OPINION AND ORDER

### I. Status

Angel Artu (hereinafter "Petitioner" or "Artu") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254.  Petitioner submitted an appendix in support of his Petition (Doc. #2, Appendix to Petition).[1]  Artu challenges his convictions, after a jury trial, for one count of Sexual Battery on a Child by Person With Custodial Authority  and two counts of Lewd and Lascivious Battery on a Child Under 16.  Petition at 1.  Petitioner's sentence and

_____

[1]The Rules Governing Section 2254 Cases directs the respondent to file a response to petition to include the state court transcripts.  See Rule 5 (c)-(d).  Here, Petitioner attaches an Appendix with exhibits that include his post conviction filings and the post conviction court orders.  See Doc. #2.  Petitioner did not file a motion to expand the record.  See generally Rule 7.  Respondent did not object the Appendix or deny the correctness of the materials.  Id. at Rule 7(c).  Because the Appendix contains exhibits not included within the exhibits submitted by Respondent, the Court will consider the Appendix, as appropriate.

conviction were *per curiam* affirmed on direct appeal on October 3, 2006. <u>Artu v. State</u>, 939 So. 2d 112 (Fla. 5th DCA 2006).

The Petition identifies the following six grounds for relief: (1) the trial court violated his right to due process by allowing him to be tried while shackled; (2) trial counsel was ineffective for not objecting to the shackles; (3) trial counsel was ineffective for failing to establish on the record that the Defendant was shackled; (4) trial counsel was ineffective for telling the Defendant not to testify; (5) trial counsel was ineffective for failing to invoke the rule of witness sequestration; and (6) the trial court erred in failing to suppress portions of the Defendant's interview where the law enforcement officers made prejudicial remarks to him. <u>See</u> <u>generally</u> Petition.

Respondent filed a Response to the Petition (Doc. #9, Response), and attached exhibits in support (Exhs. A-N). Respondent concedes that the Petition is timely filed pursuant to 28 U.S.C. § 2244(d), but contends that Grounds (1), (3) and (6) are unexhausted and procedurally barred. Response at 7. Additionally, Respondent states that, although Grounds (2),(4), and (5) were properly raised in Petitioner's Rule 3.850 motion, these claims were not raised in Artu's brief on appeal and thus, are deemed waived. <u>Id.</u> at 8. Consequently, Respondent contends that, because these claims were not properly and fully exhausted at the State level, these claims are procedurally barred from federal habeas

review. Id. In the alternative, Respondent argues that Petitioner has failed to satisfy his burden under 28 U.S.C. § 2254(d) and (e) as to claims (2), (4), and (5). Id. at 9-11.

Petitioner was given admonitions and a time frame to file a Reply to the Response. See February 3, 2010 Order of Court, Doc. #6. Petitioner filed a Reply to the Response on July 23, 2010 (Doc. #11, Reply). Petitioner address only Grounds (1), (3) and (6) in his Reply, and only in terms of arguing the merits of these Grounds. See generally Reply. Petitioner does not address Respondent's position that Petitioner did not exhaust Grounds (1), (3) and (6) and waived Grounds (2),(4), and (5). Id. This matter is ripe for review.

## II. Applicable § 2254 Law

### A. Exhaustion and Procedural Default

A federal court may only review an issue under § 2254 if petitioner first afforded the state courts an adequate opportunity to address that issue. 28 U.S.C. § 2254(b)(1)(A).

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004)(internal citations and quotations omitted). This imposes a "total exhaustion" requirement

in which all the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Duncan v. Henry, 513 U.S. 364, 365 (1995)(stating "exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'"). Additionally, in articulating a factual basis in support of a claim for relief, a petitioner must have also alleged the factual predicate to the state court. Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317, 1343-44 (11th Cir. 2004)(noting that petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petition if they did not first raise them in the state courts).

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir.

2008).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief. . . ."  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.  House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d at 1190.  Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  House v. Bell, 547 U.S. 518, 536 (2006); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

## B.  Deferential Review Required By AEDPA

Artu filed his timely Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action.  Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007);  Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  Under the deferential review standard, habeas

relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court."

<u>Childers v. Floyd</u>, 642 F.3d at 969 (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." <u>Thaler v. Haynes</u>, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); <u>see also</u> <u>Carey v. Musladin</u>, 549 U.S. 70, 74 (2006)(citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." <u>Ponticelli v. Sec'y, Fla. Dep't of Corr.</u>, 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in <u>Harrington v. Richter</u>, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. <u>Id.</u> (citations omitted). Whether a court

errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005).  The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398.  Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order.  Id.

### C.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel'

-8-

guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S.Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An

attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### A.  Claims of Trial Court Error

In Ground (1), Petitioner claims the trial court violated his right to due process by allowing him to be tried before a jury while shackled.  Petition at 4.  In support, Petitioner states the trial court never made any findings as to why Petitioner was required to be shackled during the trial because it was the trial court's "unspoken policy to shackle all criminal defendants." Id., 4-5.  In Ground (6), Petitioner assets that the trial court erred in failing to suppress portions of his videotaped  interview with police.  Petition at 18.  In particular, Petitioner complains that the trial court should have suppressed the following parts of his videotaped interview with police:

> where police accused Mr. Artu of lying and sexually abusing the complainants; condemned him as an unfit father; that advised the jury of the personal belief of the police of Mr.Artu's guilt; theories as to why Mr. Artu committed the offenses and why the complainants were telling the truth.

Id.  Petitioner submits that because these excerpts were more prejudicial than probative they should not have been permitted into evidence by the trial court.  Id. at 19.  Respondent submits that Grounds (1) and (6) are unexhausted and procedurally barred because Petitioner failed to raise either claim on direct appeal.  Response at 7.

The record reveals that Petitioner raised only one issue on direct appeal:

> Whether the trial court erred by denying the Defendant's motion to suppress because law enforcement did not honor

-11-

his request to remain silent after being informed of his Miranda[2] rights.

Exh. C.  In Florida, "[a]ny claim relating to trial court error must be raised on direct appeal . . . ."  Robinson v. State, 913 So.2d 514, 524 n. 9 (Fla. 2005); Spencer v. State, 842 So. 2d 52, 60 (Fla. 2003).  As more fully discussed above, a petitioner must fully and properly exhaust his state court remedies on direct appeal or in a state post conviction motion as prerequisite to federal habeas review.  A criminal defendant who fails to raise a claim on direct appeal or in a post-conviction motion is procedurally barred from raising the claim in his federal habeas petition, absent a showing of cause for the default and prejudice for the error, or a fundamental miscarriage of justice.  Artu fails to demonstrate cause and prejudice and a fundamental miscarriage of justice.[3]  Consequently, federal habeas review of Grounds (1) and (6) is foreclosed and these grounds will be dismissed as unexhausted and procedurally defaulted.

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

[3]Petitioner filed a state habeas petition alleging ineffective assistance of appellate counsel.  Exh. E.  However, Petitioner did not fault appellate counsel for failing to raise either claim of trial court error on direct appeal.  Instead, Petitioner argued appellate counsel was ineffective for failing to raise fundamental or structural error claims relating to the jury and jury instructions, as well as a claim of cumulative error.  See generally Id.

**B.   Claims of Ineffective Assistance of Counsel**

In Ground (3), Petitioner claims counsel was ineffective for failing to establish on the record that the Defendant was shackled. Petition at 11.   More specifically, Petitioner argues that counsel's failure to "make a record of him being shackled during trial" prevented Petitioner from raising the issue on direct appeal.  Id.  Petitioner also asserts that the "use of the shackles had a chilling effect on Petitioner's desire to testify."  Id. at 12.   Respondent contends that, because Petitioner did not raise this claim in his Rule 3.850 motion, Ground (3) is unexhausted and now procedurally barred.   Response at 7.

Upon review of the record, the Court finds that Petitioner raised Ground (3) in his Rule 3.850 motion within his 22 separate claims of ineffective assistance of counsel.   Exh. H.   In particular, in addition to claiming that counsel "failed to object timely and adequately to, and move for a mistrial based upon the jury viewing Mr. Artu in visible shackles during trial" at claim 4, Petitioner states:

> Further, and as an independent ground for relief, counsel failed to make a complete record that the jury observed Mr. Artu in shackles thereby precluding appellate review.

Id. at 8, ¶4.  Thus, the Court finds that Ground (3) was raised by Petitioner in his Rule 3.850 motion, and the Court will consider Ground (3) in conjunction with Petitioner's claim that counsel was ineffective for failing to object to Petitioner being shackled as set forth in Ground (2).

Respondent concedes that Grounds (2), (4) and (5) were properly raised within the various claims set forth in Petitioner's Rule 3.850 motion.[4]   Response at 9.   The post conviction court granted Petitioner an evidentiary hearing on each of these claims, *inter alia*.   Exh. J.   The evidentiary hearing was held on August 8, 2008, at which Petitioner was represented by the Public Defender. Exh. K.   On September 5, 2008, the post conviction issued an order denying each of the aforementioned claims, *inter alia*.   Petition, Exh. J.[5]   Because the September 5, 2008 Order did not set forth any findings of fact or conclusions of law, the Court granted Petitioner's motion for rehearing and entered a second Order Denying Defendant's Motion for Post Conviction Relief on October 13, 2008.   Exh. L.   Represented by counsel, Petitioner timely appealed the denial of his Rule 3.850 motion to the Fifth District Court of Appeals.   Exh. M.   Petitioner raised only one ground on appeal:

> Appellant was denied a fair and impartial hearing when the trial court committed fundamental error by departing from its impartial role as trier of fact.

---

[4]Petitioner raised 22 grounds in his Rule 3.850 motion.   <u>See generally</u> Exh. H.   Grounds (2) and (3) were raised in conjunction with claims 3, 4 and 5 in the Rule 3.850 motion, Ground (4) was raised as claim 10 in the Rule 3.850 motion, and Ground (5) was raised as claim 15 in the Rule 3.850 motion.

[5]The post conviction court granted the portion of Petitioner's Rule 3.850 motion concerning his claim challenging the public defender's fees and struck the fees.   Appendix to Petition, Exh. J (Doc. #2 at 83-84).

-14-

Id.  On August 11, 2009, the Fifth District Court of Appeal denied the appeal without opinion. Artu v. State, 18 So. 3d 543 (Fla. 5th DCA 2009); Exh. N.   Petitioner's *pro se* motion for rehearing/ clarification, Appendix to Petition, Exh. I, was denied.  Appendix to Petition, Exh. J.  Mandate issued on October 1, 2009.  Exh. N.

Respondent contends that Grounds (2), (4) and (5) have been waived and are now procedurally barred.   Response at 8.   In support, Respondent points out that, under Florida law, a claim is deemed to be waived if it is not raised on appeal.  Id.

Here, Petitioner clearly was afforded an evidentiary hearing on each of the claims that form the basis of Grounds (2), (3), (4), and (5). See generally Exh. K.  On appeal, Petitioner only sought review of the post conviction court's alleged impartiality.  See generally Exh. M.  Because the claims that form the basis of Grounds (2), (3), (4) and (5) were denied after an evidentiary hearing, Florida Rules of Appellate Procedure, Rule 9.141(b)(3)(C)[6] required Petitioner to brief these claims on appeal in order to properly exhaust his state remedies.  Marshall v. State, 854 So. 2d 1235 (Fla. 2003); Ward v. State, 19 So. 1060 (Fla. 5th DCA 2009) *(en banc)*; Austin v. State, 968 So. 2d 1049 (Fla. 5th DCA 2007). Because Petitioner "received an evidentiary hearing, his failure to

---

[6]In contrast, Florida Rule of Appellate Procedure 9.141(b)(2) provides that "no briefs or oral argument shall be required" in appeals from summary denials of a Rule 3.80 motion without an evidentiary hearing.

address issues in his appellate brief constitute a waiver." Cortes v. Gladish, 216 F. App'x 897, 899-900 (11th Cir. 2007)(per curiam). Petitioner does not show cause and prejudice or a fundamental miscarriage of justice to overcome this procedural default. Consequently, because these claims would now be procedurally barred, the Court is precluded from reviewing the merits of Grounds (2), (3), (4) and (5). Id. at 899. Accordingly, these Grounds do not warrant habeas relief.

Assuming arguendo that Petitioner's general challenge to the post conviction court's impartiality suffices to deem the denial of each of Petitioner's Rule 3.850 claims exhausted, these Grounds, nonetheless, fail on the merits.   With regards to Grounds (2) and (3), it is well established that a defendant has a right not to be seen in shackles by the jury, absent sufficient security concerns. Deck v. Missouri, 544 U.S. 622, 626 (2005).   Here, the post conviction court found that the credible testimony proffered at the evidentiary hearing established the jury could not have seen or heard the shackles on the Defendant's legs. Exh. L at 275-76.  The record supports the post conviction court's finding. See Exh. K at pp. 6-7 (trial counsel denied jury ever saw defendant shackled and table at which defendant sat is completely enclosed with paneling to the floor); pp. 10-11 (record reflected that prosecutor requested that defendant be moved to view videotape prior to jury coming into room); p. 18 (trial counsel recalled not having any

concerns during trial about defendant being shackling); p. 24 (trial counsel recalls the trial judge viewing the table from the jury's perspective to make sure jury could not see shackles); pp. 29-34 (trial counsel recalls speaking to the court prior to start of trial about shackling and ensuring that jury could not see the shackles); and, p. 65-74 (petitioner claimed he was sitting in a way so the jury could see shackles and court and bailiff opining as to way things are always done in courtroom). Consequently, because Petitioner cannot make a showing that the jury saw him shackled, he cannot demonstrate that counsel was deficient in failing to establish that Petitioner was shackled or in failing to preserve the record concerning the same.

As to Ground (4),[7] the post conviction court pointed out that counsel testified that it was their practice to invoke the rule of sequestration. Exh. L at 276.  Further, the post conviction court found that even if counsel failed to invoke the rule of sequestration, there was no prejudice, as the testimony at the evidentiary hearing reflected that none of the victim-witnesses were in the courtroom when the other victim-witnesses testified. Id.  The findings made the post conviction court are presumed correct, and the record supports the court's findings.  Exh. K at

---

[7]In Florida, "at the request of a party the court shall order, or upon its own motion the court may order, witnesses excluded from a proceeding so that they cannot hear the testimony of other witnesses...." Fla. Stat. § 90.616(1)).

pp. 13-14 (prosecutor recalled victims being sequestered in the back waiting room and she never prosecuted a case where victims were in the courtroom for trial); p. 34 (petitioner did not remember at any time the victims being in the courtroom together); and, p. 54 (trial counsel not recalling any of the victims together in courtroom).  Moreover, the purpose of a sequestration rule is to avoid one witness improperly influencing another and to discourage collusion, fabrication or disingenuous testimony.  Geders v. U.S., 425 U.S. 80, 87 (1976).  Here, Petitioner fails to articulate how any of the victim-witnesses testimony was improperly influenced by the presence of the other victim-witnesses.  Consequently, Petitioner has failed to demonstrate either prong of the Strickland standard.

Finally, in connection with Ground (5), the right of a criminal defendant to testify on his own behalf is fundamental, is personal to defendant, and, cannot be waived by either the trial court or counsel.  United States v. Teague, 953 F. 2d 1525, 1532 (11th Cir. 1992)(en banc).  In order to show deficient performance by trial counsel, a petitioner must demonstrate that "counsel has refused to accept the defendant's decision to testify and refused to call him to the stand, or where defense counsel never informed the defendant of his right to testify . . . ."  Gallego v. United States, 174 F.3d 1196, 1197 (11th Cir. 1999).  Here, the post conviction court found credible defense counsel's testimony that

the Defendant stated he did not want to testify at trial and noted that trial counsel concurred that this was a "better trial strategy." Exh. L at 277; Exh. K at pp. 38-46 (trial counsel wanted first and last closing and defendant agreed to no witnesses). Further, Petitioner admitted at the evidentiary hearing that both the trial judge and defense counsel told him he had a right to testify, but he did not believe them. Id.; Exh K at pp. 81-82 (defendant admits counsel told him he had right to testify and it was his decision to make, and trial court inquired whether defendant wanted to testify and defendant told the court "no"). Thus, Petitioner fails to demonstrate any deficiency by trial counsel.

Based upon the foregoing, the Court finds that the post conviction court, although not expressly citing to the Strickland standard, applied Strickland's two-prong standard, in evaluating each of Petitioner's ineffective assistance of counsel claims. Petitioner has not demonstrated that the post conviction court's decision was contrary to, or an unreasonable application of, clearly established Federal law, or based upon an unreasonable determination of the facts. Consequently, in the alternative, Petitioner is not entitled to relief on Grounds (2), (3), (4) and (5).

THEREFORE, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** on the merits as to Grounds 2, 3, 4, and 5 for the reasons set forth herein, and is **DISMISSED WITH PREJUDICE** as to Grounds 1 and 6 for the reasons set forth herein.   In the alternative, Grounds 2, 3, 4, and 5 are **DISMISSED WITH PREJUDICE** for the reasons set forth herein.

2.   The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and close this file.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)

(quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___30th___ day of October, 2012.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record